UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT M. VANCE,

                                Plaintiff,

                                                                             6:17-CV-00957

v.

                                                                             (GTS/TWD)

ACCO BRANDS, CORPORATION,

                                Defendants.
_____

APPEARANCES:

ROBERT M. VANCE
Plaintiff, pro se
3 West Street, Apt. 1
Oneonta, New York 13820

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court for review under 28 U.S.C. § 1915(e)(2)((B) (i)-(iii) the *pro se* complaint and amended complaint in this action in which Plaintiff Robert M. Vance has sued Defendant ACCO Brands, Corporation ("ACCO") for employment discrimination in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12111, *et seq.*, based upon a hearing impairment; breach of a collective bargaining agreement; violation of discharge and attendance guideline agreements; wrongful termination; defamation; and harassment.[1] (Dkt. Nos. 1, 17.) Also before the Court is Plaintiff's application for leave to

---

[1] Plaintiff's amended complaint is not so much a pleading as a list of the exhibits attached to it. (Dkt. No. 17.) Therefore, rather than treat the amended complaint as a superseding pleading, the Court will consider Plaintiff's amended complaint as a supplement to his original complaint and consider them as a single pleading for purposes of initial review.

proceed *in forma pauperis* ("IFP application").  (Dkt. No. 2.)

For reasons explained below, the Court finds that the claims alleged by Plaintiff in his complaint, as supplemented by his amended complaint, are barred under the doctrine of *res judicata*, and recommends that the complaint as supplemented be *sua sponte* dismissed with prejudice on initial review for failure to state a claim.  (Dkt. Nos. 1, 17.)

**I.      IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IP application, the Court finds that he meets this standard.  Therefore, Plaintiff's IFP application (Dkt. No. 2) is granted.

**II.     LEGAL STANDARDS FOR INITIAL REVIEW**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without

giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III.   RELEVANT BACKGROUND

#### A.   Plaintiff's First ADA Lawsuit Against ACCO

On December 9, 2011, Plaintiff, represented by counsel, commenced an employment action alleging violation of the ADA entitled *Vance v. ACCO Brands USA, LLC*, No. 3:11-CV-1443 (NAM/DEP) in the Northern District of New York. ("*Vance I*").[2] In his second amended complaint in that action, Plaintiff, who was born with a high degree of neural hearing loss and a corresponding speech impediment, alleged he began working at ACCO's Sydney, New York facility in July 2004 as a third shift picker/packer in the shipping department. (*Vance I*, Dkt. No. 47 at ¶¶ 5, 12, 16.[3]) Plaintiff alleged that ACCO subjected him to disparate treatment and a hostile work environment because of his hearing impairment, retaliated against for complaining about such conduct, and ultimately terminated his employment in or about December 2011 in retaliation for his complaints. *Id*. at ¶¶ 3, 60-61.

According to Plaintiff, while other ACCO employees were being rotated through various

---

[2] Plaintiff originally named Meadwestvaco Corporation as Defendant in the action. (*See Vance I*, Dkt. No. 1.) However, according to the District Court, Meadwestvaco Corporation was acquired by ACCO, during Plaintiff's employment. *Id*., Dkt. No. 83 at 2 n.3.

[3] Paragraph numbers are used where documents identified by the CM/ECF docket number contain consecutively numbered paragraphs.

tasks at the facility, he worked at the packing station, reach picking, and palletizing in the shipping department from 2004 through 2006. (*Vance I*, Dkt. No. 47 at ¶¶ 16-17.) Plaintiff claimed it was unusual for workers to do the same task for an extended period as he did. *Id.* In 2007, Plaintiff was, at his request, given the opportunity to work as a case thrower but was returned to his original task after one day allegedly because of hearing issues. *Id.* at ¶¶ 18-19. Plaintiff was thereafter trained on materials handling equipment, passed the tests for materials handling, and ultimately was given a materials handler license. *Id*. at ¶¶ 20-29. However, he was still not given the opportunity to perform different tasks or rotated into other departments. *Id*. at ¶ 31.

Plaintiff filed his first ADA discrimination complaint against ACCO with the Equal Opportunity Employment Opportunity Commission ("EEOC") on March 10, 2008, and a settlement agreement was reached in a mediation and signed on July 7, 2008. *Id*. at ¶¶ 40-44. Plaintiff alleged in his second amended complaint in *Vance I* that Defendant maintained the exact same course of action continuing to discriminate against him by failing to rotate him to different positions, failing to offer adequate training, and failing to comply with the terms of the mediation agreement. *Id*. at ¶¶ 50-51. In addition, Plaintiff claimed he was the victim of harassment and an escalating course of retaliation because he had filed the discrimination complaint with the EEOC, creating a hostile work environment. *Id*. at ¶¶ 50, 53. The retaliation included continuous "write-ups" for bogus alleged disciplinary violations. *Id*. at ¶ 52.

Plaintiff filed a second EEOC complaint on February 13, 2009, because Defendant had ignored the terms of the mediation agreement and the discrimination against him had intensified. *Id*. at ¶ 54. The EEOC issued a right to sue letter on September 13, 2011. *Id*. at ¶ 58. Plaintiff

alleged that his employment was terminated without cause on June 21, 2013, in violation of the ACCO collective bargaining agreement, and solely in retaliation for his discrimination complaints.  *Id*. at ¶ 61.

In a Memorandum-Decision and Order, filed in *Vance I* on March 31, 2015, the Hon. Norman A. Mordue, Senior U.S. District Judge, granted Defendant ACCO summary judgment. (*Vance I*, Dkt. No. 83.)  The District Court specifically addressed Plaintiff's ADA violation claims, including disparate treatment, retaliation, including his allegedly retaliatory termination, and hostile work environment claims, and found the Defendant entitled to judgment as a matter of law.  *Id*.

Plaintiff appealed to the Second Circuit on April 29, 2015.  (*Vance I*, Dkt. No. 85.) Plaintiff's motion to vacate the Second Circuit's September 2, 2015, Order dismissing his appeal was denied on September 7, 2016.  (Court of Appeals, 2nd Cir., Docket No. 15-1443, Nos. 45, 62.)

    **B.**    **Complaint, as Supplemented By the Amended Complaint, Now Under Initial Review**

        1.    Original Complaint

The claims alleged by Plaintiff in the original complaint (Dkt. No. 1) in his new ADA employment discrimination action ("*Vance II*") now under review include, but are not be limited to:

> failure to promote, denial of participation in programs, failure to make alterations to accommodate a disability, retaliation, violation of an existing mediation agreement with EEOC, violation of company and union CBA (Collective Bargaining Agreement) on employment discharge, Hostile work environment, Wrongful Termination, failure to notify the union on discharge and waived

>rights for representation as a union paying member, and
>defamation of character bogus wrongful termination with
>assumption of committing future violence in the workplace.

(Dkt. No. 1 at ¶ 5.)

The factual allegations supporting Plaintiff's ADA claim, found in paragraphs 7 through 58 of his complaint in *Vance II* are virtually identical to those alleged in paragraphs 8 through 58 of his second amended complaint in support of the same ADA claim in *Vance I*. (*Vance I*, Dkt. 47 at ¶¶ 8-57; *Vance II*, Dkt. No. 1 at ¶¶ 7-58.) The major distinction between the two pleadings is Plaintiff's elaboration on the facts and circumstances surrounding the termination of his employment and alleged breach of the ACCO collective bargaining agreement in the present action. (*Vance II*, Dkt. No. 1 at ¶¶ 66-102.) In his second amended complaint in *Vance I*, Plaintiff simply alleged that his employment was terminated without cause, in violation of the ACCO collective bargaining agreement. (*Vance I*, Dkt. No. 48 at ¶ 61.) Plaintiff has also added a state law defamation claim in *Vance II*. (*Vance II*, Dkt. No. 1 at ¶¶ 5, 95.)

    2.    <u>Amended Complaint</u>

On September 14, 2017, while the Court was undertaking the initial review of Plaintiff's complaint, Plaintiff filed a letter motion requesting additional time to add to the complaint. Plaintiff explained that he was waiting for the case file in his initial action to be delivered to him by his former attorney, and he would need time to review the file and add exhibits to support his claim and add to his original complaint. (Dkt. No. 7.)

The following day, Plaintiff filed a series of exhibits relating to his EEOC proceedings and an affirmation from his counsel in *Vance I* in support of a motion to recall the Second Circuit mandate dismissing the appeal and for reinstatement. (Dkt. Nos. 8, 8-1.) The Court thereafter

issued text orders granting Plaintiff's letter motion (Dkt. No. 7) and subsequently giving him an extension of time to submit his amended complaint and exhibits. (Dkt. Nos. 9, 14.) Plaintiff submitted an amended complaint and exhibits on October 27, 2017, after receiving his file from *Vance I* from his former counsel. (Dkt. Nos. 17, 17-1, 17-2.)

In his amended complaint, Plaintiff describes *Vance II* as being brought pursuant to:

> Americans with Disabilities Act, 42 U.S.C. 1201 et seq., Breach of Contract with EECO (sic), CWA, CBA (collective bargaining agreements), Violation of Discharge agreement, Violation of Attendance Guideline agreement, Hostile Environment, Retaliation, Wrongful Termination, Slander, Defamation of Character and Harassment, and pursuant to the Constitution of the United States of America, along with the New York State Human Rights Law, and other federal and state anti-discrimination laws and policies in response to the defendants' discrimination based upon a disability, union representation, and the failure to acommodate (sic) the same.

(Dkt. No. 17 at 2-3.)

Plaintiff has submitted 134 pages of exhibits with his amended complaint, including documents from his EEOC complaints; a copy of the collective bargaining agreement between Defendant and a Local of the Communications Workers of America ("CWA"); Plaintiff's employment application and hearing test; Memorandum for Mediation submitted by Defendant in *Vance I*; documentation regarding attendance guidelines; various medical reports, excuses, and other information; correspondence between CWA Local #1416 and Defendant regarding Plaintiff's treatment and grievances; communications between Plaintiff and his attorney in *Vance I*; notes from an investigation on Plaintiff by Defendants; EEOC settlement agreement; and what

appears to be Plaintiff's brief to the Second Circuit on his dismissed appeal in *Vance I*.[4] (Dkt. Nos. 17-1, 17-2.)

IV.     **ANALYSIS**

The doctrine of *res judicata* applies when "1) the previous action involved an adjudication on the merits; 2) the previous action involved [the same parties or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000); *see also Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (under the doctrine of *res judicata*, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose").

A district court may dismiss an action *sua sponte* on *res judicata* grounds provided it has before it all relevant data and legal records or is in the same district where the original action was filed. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (citing *Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985)); *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (district court may reach the issue of *res judicata sua sponte*.); *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to the service of the complaint.")

---

[4] The cover letter submitted to the Court by Plaintiff, indicates that the exhibits submitted by Plaintiff were among the papers in the file of his attorney in *Vance I*. (Dkt. No. 17-3.)

The District Court granted ACCO summary judgment dismissing *Vance I* and judgment was entered in favor of ACCO.  (*Vance I*, Dkt. Nos. 83-84.)  Plaintiff's appeal to the Second Circuit was dismissed for failure to perfect.  (Court of Appeals, 2nd Cir., Docket No. 15-1443, Nos. 45, 62.)  "It is well-established that summary judgment is an adjudication on the merits for *res judicata* purposes."  *Rafter v. Liddle*, 704 F. Supp. 2d 370, 375 (S.D.N.Y. 2010) (citing *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 712-15 (2d Cir. 1977)); *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 n.9 (E.D.N.Y. 2010) ("Summary judgment dismissal is considered a decision on the merits for res judicata purposes.").  Therefore, the Court finds that *Vance I* involved an adjudication on the merits for purposes of determining the applicability of *res judicata* to *Vance II*.

*Vance I* and *Vance II* are between the same parties, thereby satisfying the second requirement for the applicability of *res judicata*.  Moreover, the claims alleged by Plaintiff in *Vance II* are based on the same transactions involving Plaintiff's employment by Defendant at issue in *Vance I*, and were raised, or could have been raised, in that first action.  Plaintiff's discrimination claim against ACCO under the ADA, including that his termination was in retaliation for filing ADA complaints with the EEOC, alleged in this case was clearly raised in *Vance I*.  (*Vance* I, Dkt. 47; *Vance* II at 1.)  Further, Plaintiff's allegation in his second amended complaint in *Vance I* that ACCO breached the collective bargaining agreement reveals that Plaintiff, who was represented by counsel, was aware of the claim when he filed the second amended complaint and could have raised the claim in that prior action.  (*Vance I*, Dkt. No. 47 at ¶ 61.)  The defamation claim alleged in *Vance II* is based upon transactions related to Plaintiff's employment with Defendant and also could have been raised in *Vance I*.

Based upon the foregoing, the Court finds that this action is barred its entirety under the doctrine of *res judicata* and recommends that Plaintiff's complaint (Dkt. No. 1), as supplemented by his amended complaint (Dkt. No. 17), be *sua sponte* dismissed with prejudice for failure to state a claim on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED;** and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1), as supplemented by his amended complaint (Dkt. No. 17), be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: November 1, 2017
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).