UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT M. VANCE,

                    Plaintiff,

v.                                          6:17-CV-0957
                                          (GTS/TWD)

ACCO BRANDS CORPORATION; and
MEADWESTVACO CORPORATION,

                    Defendants.
_____

APPEARANCES:                                OF COUNSEL:

ROBERT M. VANCE
  Plaintiff, *Pro Se*
3 West Street, Apt. 1
Oneonta, New York 13820

HINMAN, HOWARD & KATTELL LLP        ALBERT J. MILLUS, JR., ESQ.
  Counsel for Defendants
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this employment civil rights action filed *pro se* by Robert M. Vance ("Plaintiff") against ACCO Brands Corporation and MeadWestVaco Corporation ("Defendants"), are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint, as supplemented by his "Amended Complaint," be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and because Plaintiff's claims are barred by the doctrine of *res judicata*; and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 18, 19.)

Even when construed with the utmost of special solicitude, Plaintiff's Objection fails to assert a specific challenge to the Report-Recommendation. (*Compare* Dkt. No. 19 *with* Dkt. No. 18.) As a result, the Court need review the Report-Recommendation for only clear error.[1] Based upon a careful review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 18.) To those reasons, the Court would add only that, while generally *pro se* plaintiffs must be afforded a chance to amend their complaint prior to the dismissal of their original complaint for failure to state a claim, such a chance need not be afforded where, as here, the defects in the original complaint are substantive such that amendment would not likely cure them.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[1] When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1), as supplemented by his "Amended Complaint" (Dkt. No. 17), is *sua sponte* <u>**DISMISSED**</u> **with prejudice** for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

Dated: April 2, 2018
Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge